SERAPIO MELÉNDEZ MORALES, Appellant, *v.* REGISTRAR OF
PROPERTY OF HUMACAO, Respondent.

No. 1146.—Submitted July 3, 1944.—Decided July 24, 1944.

*Rafael B. Pérez Mercado* for appellant. The registrar appeared by
brief.

MR. JUSTICE SNYDER delivered the opinion of the court.

The registrar of property refused to record a deed of
sale of certain land on the ground that ''the party present-
ing it has not attached to said document Internal Revenue
Stamps in the amount of 50 cents in payment of the so-called
tax . . . established by §31 of the Act of March 9, 1905, as
amended by the Act of March 14, 1907 (§3053 Revised Stat-
utes of 1911, page 579) and subsequently amended by Act
No. 34 of March 7 of 1912 (Laws of 1912, page 68). . .''.
The appellant has filed this administrative appeal from the
ruling of the registrar, alleging that the statute providing
for the said tax has been repealed.

In examining this question, the appellant has
traced in detail the legislative history of the statute in ques-

tion, which is first found in The Political Code, Revised Statutes and Codes of Porto Rico, 1902, Title IX, Revenues, Chapter II, which is entitled Excise Taxes. This Chapter contains §356, which provided for certain property, license, and excise taxes. The same Section, in Schedule C at p. 445, also provided for a tax on documents attested by a notary public and "on each registration or record fifty cents".

An Act to amend Chapter II of Title IX of the Political Code was enacted on March 9, 1905 (Laws of Puerto Rico, 1905, p. 164). This provided, as did Title IX, for property, excise, and license taxes. It specifically provided in §36 that various Sections of the Political Code, including §356, "are hereby repealed". To take the place of the provision of §356 involved herein, the Act of 1905 substantially re-enacted §356 as §31.

The said §31 was amended by §23 of the Act of March 14, 1907 (Laws of Puerto Rico, 1907, pp. 330, 358) in a manner not pertinent herein.[1] Consequently, when the Compilation of the Revised Statutes and Codes of Porto Rico was issued in 1911, the Political Code contained in Chapter II, entitled Excise Taxes, a §31 (p. 579), which, for our purposes, is substantially identical with §31 of the 1905 Act. Section 31 was then amended by Act No. 34, Laws of Puerto Rico, 1912, to read as follows:

"That there shall be levied, collected and paid:

"(1) On each original instrument or document attested by a notary public or recorded by a registrar, one dollar . . .

"(2) On each copy of such original instrument or document, fifty cents.

"(3) On each registration or record of such instrument or document, or copy thereof, fifty cents.

[1] Various other amendments to Chapter II, Title IX, of the Political Code, as found in the Act of March 12, 1908 (Laws of Puerto Rico, 1908, p. 187); Act No. 55, Laws of Puerto Rico, 1911, p. 170; Act No. 66, Laws of Puerto Rico, 1912, p. 110; Act No. 112, Laws of Puerto Rico, 1913, p. 160, likewise have no bearing on the problem before us.

"(4) On each affidavit or declaration of authenticity executed before a notary public, justice of the peace, or other officer. . .twenty-five cents. . .".

We have set forth these four paragraphs as found in the 1912 Act, in view of the specific references thereto in the arguments of the appellant, to be hereinafter examined. It should be noted, however, that, for our purposes, the Act of 1905 has remained essentially unchanged.

The principal contention of the appellant is to the effect that certain statutes make it clear that the Legislature never intended that §31 of the Act of 1905 as amended should continue in effect after the passage of the said statutes. One of these, according to the appellant, was Act No. 55, Laws of Puerto Rico, 1919, p. 226, which was the first Act which bore the formal title, "Excise-Tax Law of Porto Rico". It was a comprehensive statute providing for a number of excise and license taxes. And §92 thereof provided "That all laws levying excise and license taxes on articles, substances and businesses or occupations *specified by this Act* as well as all laws or parts of laws in conflict herewith, are hereby repealed." (Italics ours). Act No. 68, Laws of Puerto Rico, 1923, also known as the "Excise Tax Law of Porto Rico", admittedly replaced Act No. 55. But in it we find a §92 which is identical with §92 of Act No. 55.

The appellant, in making this principal contention, also relies on Act No. 85, Laws of Puerto Rico, 1925, known as the "Internal Revenue Law of Porto Rico". This Act expands considerably the provisions of Act No. 68. It includes a Title for Sales, as well as Excise and License Taxes. And §107 thereof provides that "From and after the date of the taking effect of this Act, the following laws are repealed: Act No. 68 approved June 28, 1923. . .".

The appellant asserts that the registrars have continued to insist that the 50 cents internal revenue stamp involved herein must be affixed to documents presented for recordation

on the basis that §31 of the Act of 1905 as amended is still in effect; but he contends that §31 has been "repealed not only by implication, but also expressly by the subsequent Act of 1919 which took the place of that of 1905".

We are unable to agree with the contention of the appellant that §31 of the 1905 Act has been expressly repealed by Act No. 55 of 1919. Certainly it does not expressly say so, as, for example, the Act of 1905 did in repealing §356 of the Political Code. And its repealer Section—§92—is significantly restrictive. It provides that "all laws levying excise and license taxes on articles, substances and businesses or occupations *specified by this Act. . .*" are hereby repealed. But Act No. 55 does not include any provision for an excise tax for recordation of a document; it therefore does not repeal the previous law—§31 of the Act of 1905— which does provide for such a tax.

The appellant also argues that §31 was repealed by the provision of §92 of Act No. 55 that "all laws. . . in conflict herewith, are hereby repealed". But the difficulty with that contention is that Act No. 55 is wholly silent on the subject of taxation of the recordation of documents. How then can it be successfully argued that §31, which provides for the affixing of a 50 cents internal revenue stamp to entitle one to register a document, is in express conflict with Act No. 55? If Act No. 55 (1) provided for such an excise tax in an amount different from that established by §31, or (2) contained a specific repealer of §31, or (3) perhaps even if the repealer section provided that it repealed all previous excise tax laws, the contention of the appellant would be well taken. But none of these provisions is contained in Act No. 55. And, it might be added, it is not without significance, that on other occasions, when the Legislature chose to amend §31, it did so by referring specifically to that Section.[2]

[2] See the Act of March 9, 1905 (Laws of Puerto Rico, 1905, p. 164), and the statutes cited in footnote (1) herein.

Finally, §73 of Act No. 55 provides for a penalty for "every person who violates or fails to observe any of the provisions of this Act *or of any act relating to internal revenues. . .*". (Italic ours). Such a provision scarcely bespeaks an intention to repeal all previously existing internal revenue statutes, including §31 of the Act of 1905.

We therefore turn to the Acts which have replaced Act No. 55. Act No. 68 of 1923 is of no help to the appellant, as it includes Sections identical with §§92 and 73 of Act No. 55 (see §§92 and 74 of Act No. 68).

The Act replacing Act No. 68, Act No. 85 of 1925, presents a somewhat different problem, as it specifically provides that Act No. 68 of 1923 is thereby repealed (§107). Nevertheless, we are unable to see how that repealer reaches back and repeals §31 of the 1905 Act. In fact, even without the specific provision of §107, the 1925 Act would probably be held as repealing the 1923 Act, in view of the fact that the former covers the same subject matter of the latter, albeit extending and amplifying its provisions. In any event, if Act No. 68 of 1923 did not succeed in repealing §31 of the 1905 Act, we are at a loss to follow the reasoning that nevertheless the repeal of Act No. 68 by the 1925 Act somehow results in the repeal of §31. Unless some other provision of Act No. 85 of 1925 repeals §31, we are unable to agree that this has occurred. And, just as in the 1919 and 1923 Acts, we find no such other provision in Act No. 85. On the contrary, here again §102 provides for a penalty for failure "to observe any of the provisions of this Act *or of any other act or regulation relating to the revenues of Porto Rico. . .*". (Italics ours).

Turning to the contention of the appellant that the Act of 1905 as amended providing for the stamp tax involved herein has been repealed by implication, we find the appellant relying on certain other statutes as well as those already discussed. One of the Acts cited by the appellant in

this connection is Act No. 31, Laws of Puerto Rico, 1917 (II), p. 306, which provided for graduated amounts, depending on the consideration involved, of internal revenue stamps to be affixed (§1) "on each original document or instrument authorized by notary public for protocolization. . .". The appellant asserts that Act No. 31 of 1917 established a new tax schedule which increased and took the place of those provided in paragraphs (1) and (2) of the aforesaid §31, as set forth above in the quotation from Act No. 34 of 1912. He likewise asserts that both administratively and at the bar Act No. 31 is considered as having repealed and replaced paragraphs (1) and (2) of §31. Those paragraphs are not involved in this case—we are concerned herein only with paragraph 3 of §31 as found in the 1912 Act—and we assume *arguendo* that this statement is correct.

Another Act which the appellant cites in this same connection is the Act of March 10, 1904 (Laws of Puerto Rico, 1904, p. 154). Until the passage of this Act, registrars received no salary; they were compensated for their services by the fees provided in the Mortgage Law. But, as the appellant points out, when the Act of 1904 provided for salaries for registrars, it also provided for fees, to be covered into the Treasury of Puerto Rico, for the services of the registrars. This Act has been subsequently amended, by Act No. 32, Laws of Puerto Rico, 1917 (II), and other Acts, the latest being Act No. 102, Laws of Puerto Rico, 1943.

The appellant summarizes this phase of his argument for repeal by implication as follows: "Section 31 of the Act of 1905 was practically destroyed, because paragraphs (1) and (2) were replaced by the Act providing a Notarial Schedule of Fees;[3] paragraph (3) was absorbed and replaced by the Schedule of Fees for the Registries of the same date;[4] and paragraph (4), which provides for the 25 cents fee for affi-

---

[3] Act No. 31, Laws of Puerto Rico, 1917 (II).
[4] Act No. 32, Laws of Puerto Rico, 1917 (II).

davits, was replaced by paragraph 26 of §18 of the Law of Internal Revenue of 1919 (Laws of 1919, p. 244)."

But whatever may be the situation with reference to paragraphs (1), (2), and (4) of §31—the arguments of the appellant as to those paragraphs seem correct, and we accept them here for the purposes of the discussion herein—paragraph (3) is the only provision of law actually in controversy herein. And as to it, the argument of the appellant is only that it is "absorbed and replaced by the Schedule of Fees for the Registries" found in Act No. 32 of 1917.

The appellant himself recognizes a serious flaw in relying on such an argument as a basis for repeal by implication. He admits that "It is true that the basis or reasons for the taxes fixed by the Laws of Internal Revenue and Schedule of registries, are different in theory. The first is a tax; the second is a fee". The only answer which he vouchsafes to this argument is that ". . . this distinction is in practice academic, and from the point of view of finance nominal, because, as a matter of fact, all these collections, whether they be called tax or fee, go into the public funds without any separation whatsoever". But it is not possible to dispose of such a difference that simply, when one is arguing that a law imposing a "fee" has "replaced", and therefore repealed by implication, a law imposing a "tax". We have made clear the vital difference between notarial and recordation stamp taxes and the fees provided by law for the professional services rendered by registrars (*The R.F.C. Mortgage Co.* v. *Registrar*, 60 P.R.R. 230). We are not prepared to say that a statute providing for such fees, graduated according to the services rendered, has repealed by implication a previous statute which provides simply for a flat fifty-cent stamp tax. The latter "admittedly involves a tax to obtain insular revenues for general purposes in return for which no public services are directly rendered to the mortgagee". (*The R.F.C. Mortgage Co.* v. *Registrar*,

*supra,* at p. 235). Section 31 of the Act of 1905 as amended providing therefor has never been expressly repealed, and we know of no statute which has superseded it by implication.

█ We think it appropriate to add that if the meaning of the statute "were doubtful or ambiguous, which it is not, we would be called on to consider if we should under all the circumstances of this case give substantial or perhaps controlling weight" (*Bowie* v. *Buscaglia, Treas.,* 63 P.R.R. 525, footnote 5, decided May 2, 1944) to the administrative interpretation of the past twenty-five years that the statute involved herein was not repealed in 1919. The doctrine laid down in *Helvering* v. *Griffiths,* 318 U.S. 371 at pp. 395–6, cited in the *Bowie* case, does not exist exclusively for the benefit of taxpayers. It works both ways, and sometimes it operates in favor of the imposition of taxes. That might well be the case here, were it not for the fact that, even without resort to the administrative interpretation, it is clear that the Act in question is still in effect.

The ruling of the registrar will be affirmed.